**Donald J. DEVINE, Director, Office of Personnel Management, Petitioner,**

v.

**Barnett M. GOODSTEIN, Arbitrator, et al.**

No. 81–1230.

United States Court of Appeals, District of Columbia Circuit.

Filed Oct. 1, 1981.

As Amended Dec. 8, 1981.

Before WILKEY, WALD and MIKVA, Circuit Judges.

## ORDER

On consideration of petitioner's Motion to Direct Filing of the Record and respondent Goodstein's Opposition thereto, it is

ORDERED by the Court that the motion is granted. Arbitrator Barnett M. Goodstein shall, within ten (10) days of the date of this order, file with the Clerk of this Court the record of proceedings in the *Matter of Arbitration Between I.N.S. and American Fed. Govt. Employees.*

It is FURTHER ORDERED by the Court that the Director of the Office of Personnel Management shall, upon receipt of an accounting from the arbitrator, reimburse the arbitrator for reasonable expenses incurred in production of the record.

Opinion Per Curiam.

PER CURIAM.

The Director of the Office of Personnel Management has petitioned this court for review of an arbitrator's decision pursuant to the Civil Service Reform Act of 1978. *See* 5 U.S.C. §§ 7121(f), 7703(d). The binding arbitration is the end product of a negotiated grievance procedure as provided for in the Act. *See* 5 U.S.C. § 7121(b)(3)(C). Because the Director did not intervene in the matter when it was before the arbitrator, he petitioned the arbitrator for reconsideration as required by section 7703(d). After the Arbitrator affirmed his earlier decision, the Director petitioned this court for review and requested that the arbitrator file the record of the proceedings before him. The arbitrator has refused to file the record, arguing that this is the responsibility of the agency which was party to the arbitration.

Rule 17(a) of the Federal Rules of Appellate Procedure, dealing with administrative appeals, states: "The agency shall file the record with the clerk of the court of appeals within 40 days after service upon it of the petition for review unless a different time is provided by the statute authorizing review." Fed.R.App.P. 17(a).

Rule 15 indicates the usage of "agency" throughout the rules dealing with administrative review:

Review of an order of an administrative agency, board, commission or officer (hereinafter, the term "agency" shall in-

clude agency, board, commission or officer) shall be obtained by filing with the clerk of a court of appeals which is authorized to review such order, within the time prescribed by law . . . .

Fed.R.App.P. 15(a). It is clear from this excerpt that it is the decision-making characteristic that gives rise to the term "agency." That the "agency" is also a party is not important.

■ The provision of the Civil Service Reform Act calling for parallel treatment of an arbitrator's award and the decision of the Merit Systems Protection Board (MSPB) leads to the same conclusion. *See* 5 U.S.C. § 7121(f). *See also* S.Rep.No. 95–969, 95th Cong., 2d Sess. 111 (1978), U.S. Code Cong. & Admin.News 1978, p. 2723, 2833.[1] The petitioner states, and the arbitrator does not dispute, that the MSPB normally files the record in the case of judicial review of its decisions. This parallel treatment would require that the arbitrator, and not the agency party to the arbitration, should file the record.

Most importantly, the practicalities of the situation reinforce this conclusion. The arbitrator has possession of the record and best knows what is in it. His delivery of the record to the court acts as certification of its genuineness. Further, rule 17(b) allows the agency to provide "certified copies" of original papers or a list of all documents and exhibits. The arbitrator is in the best position to perform all of these functions.

This need not be unduly burdensome to the arbitrator. Rule 17(b) allows the agency to file a certified list describing the documents which comprise the record:

Instead of filing the record or designated parts thereof, the agency may file a certified list of all documents, transcripts of testimony, exhibits and other material comprising the record, or a list of such parts thereof as the parties may designate, adequately describing each, and the filing of the certified list shall constitute filing of the record.

Fed.R.App.P. 17(b). Clearly the arbitrator should enjoy the same option. He appears most concerned about having to produce a transcript of the proceedings. This is not surprising in that a verbatim record of such hearings is not usually maintained. *See* F. Elkouri & E. Elkouri, *How Arbitration Works* 217–20 (1973). A verbatim transcript prepared by one of the parties has no more official status or presumptive accuracy than notes taken by one of the parties. *See* C. Updegraff, *Arbitration and Labor Relations* 259 (1970). Hence, it may not be possible here to produce a transcript. This order requires that whatever record exists or the arbitrator's opinions and a descriptive list of that record be filed with the clerk of this court. If a transcript is not included, an entry should indicate the extent to which a transcript can be made available.

■ The arbitrator has requested that this Court order OPM to reimburse him for his attorney's fees in pursuing his opposition to the motion to direct filing of the record. Although the arbitrator was proceeding in good faith and his assertions were neither frivolous nor contumacious, we are powerless to award attorney's fees in the absence of specific statutory authority to do so. *See Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 261–63, 95 S.Ct. 1612, 1623–24, 44 L.Ed.2d

---

1. The Senate Report provides

The provision of judicial review is intended to assure conformity between the decisions of arbitrators with those of the Merits Systems Protection Board. Under the terms of this subsection, an arbitrator must establish a record that will meet the judicial tests provided for in section 7702 [now, section 7703] of this title.

Section 7703 requires the reviewing court to set aside a decision which is

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) obtained without procedures required by law, rule, or regulation having been followed; or

(3) unsupported by substantial evidence . . .

738

141 (1975); *NAACP v. Civiletti*, 609 F.2d 514, 516 (D.C.Cir.1979). We intimate no opinion as to whether such expenses may be recoverable by the arbitrator under his contract with the government to arbitrate.